IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:05CR282 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| WILLIAM SCHWENING and RUSSELL HOFFMANN, | ) | |
| Defendants. | ) | |

This matter is before the court on the objections of the United States of America (hereinafter, "the government") and Russell Hoffmann, Filing Nos. 63 and 65, to the Report and Recommendation ("R&R") of Magistrate Judge F.A. Gossett ("the magistrate"), Filing No. 57, on several pretrial motions, Filing Nos. 32, 33, 34, 35, 36, 37, & 38.  Defendants Russell Hoffmann and William Schwening are charged, respectively, with giving and receiving illegal gratuities in violation of 18 U.S.C. § 201(c).  That statute makes it a crime to give anything of value to a public official for or because of any official act, or conversely to receive anything of value as a public official for or because of an official act.  18 U.S.C. § 201(c)(1)(A) & (B).  Schwening is employed by the United States Army Corps of Engineers as a cartographer and Hoffmann is the Vice-President of Surdex Corporation ("Surdex"), a private contractor that does business with the Corps.  A hearing on the motions was held on February 2, 2006.  Filing No. 62, Transcript ("Hr'g Tr.")

The magistrate stated his findings on the record at the hearing and recommended that this court:

  1. Deny Hoffmann's motion to sever (Filing No. 32);

2. Deny Hoffmann's motion to dismiss or motion for a bill of particulars (Filing No. 33);

3. Grant Hoffmann's motion to strike surplusage (Filing No. 34) from the Superseding Indictment;

4. Grant Hoffmann's motion for preservation rough interview notes and deny Hoffmann's motion to inventory said notes (Filing No. 35);

5. Grant Hoffmann's motion for discovery of statements of co-defendants (Filing No. 36);

6. Deny Hoffmann's motion for production of favorable evidence and discovery and inspection of documents (Filing No. 37); and

7. Deny Hoffmann's motion for production of statements and reports of witnesses (Filing No. 38).

Filing No. 57. The government objects to the magistrate's recommendation with respect to the motion to sever and the motion to strike surplusage. Hoffmann objects to the magistrate's recommendation with respect to the motion to dismiss or for a bill of particulars, and its motion for production of favorable evidence and for discovery and inspection of documents.

**I.    BACKGROUND**

In the Superseding Indictment, the government alleges that the United States Army Corps of Engineers ("Corps") solicits offers or bids from private companies seeking to perform services for the Corps. Filing No. 14, Superseding Indictment at 1. Once selected, a private company is compensated by the United States government. *Id.* William Schwening sometimes participated in the Source Selection Evaluation Board ("Board") that evaluated proposals submitted by private companies. *Id.* at 2. In that capacity, Schwening made recommendations to the Board about the value of these proposals. *Id.* Additionally,

he prepared "government estimates" of costs likely to be incurred in contracting with private companies performing work for the Corps. *Id.* The government estimates were used to determine whether proposals submitted by private companies were reasonable and fair. *Id.* Schwening would rate the performance of private companies and submit surveys to other government entities describing his experience with these companies. *Id.*

Surdex performed aerial mapping services and was awarded contracts to perform aerial mapping services for the Omaha District of the Corps. *Id.* at 2. The government alleges that beginning in 1996 and through November 16, 2004, Schwening frequently contacted Surdex representatives. *Id.* Schwening participated in the Source Selection Evaluation Boards that evaluated proposals submitted by Surdex and he prepared government estimates to evaluate the reasonableness of Surdex's proposals. *Id.* at 3. Schwening also evaluated Surdex's performance. *Id.* at 2-3. The government also alleges that Schwening accepted things of value from Hoffmann and Surdex from 1999 through November 2004. *Id.* at 3. These items allegedly included golf clubs and related accessories, dinners, entertainment, golfing trips to out-of-state locations, and a laptop computer and software. *Id.* at 4-5. Schwening allegedly accepted items from Hoffmann and Surdex that were worth more than $10,000. *Id.* at 3.

Further, the government alleges that Schwening shared confidential government estimates with Hoffmann before Surdex submitted its proposals, thereby providing Surdex advance notice of the target price. *Id.* The government contends that Schwening also solicited pricing information from Surdex and used that information in constructing the government estimate. *Id.* By doing so, Schwening allegedly insured that Surdex's

3

proposal would be lower than the government estimate. *Id.* While acting in his capacity as a Board member, Schwening allegedly recommended selection of Surdex. *Id.* The government also alleged that Schwening provided other governmental entities with highly favorable evaluations of Surdex's performance. *Id.* Schwening purportedly allowed Surdex representatives to draft responses to such evaluations for submission by Schwening as his own opinion. *Id.*

## II.   DISCUSSION

First, the court has reviewed and will adopt the magistrate's findings and recommendations on those motions to which the parties have not objected, Filing Nos. 35, 36, & 38). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court makes a *de novo* determination of those dispositive portions of the report and recommendations to which the parties object. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). In reviewing a magistrate judge's order on a nondispositive matter, a district court will modify, set aside, or remand the order only if it is clearly erroneous or contrary to law. *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).

### A.   Motion to dismiss or for a bill of particulars[1]

Hoffmann's motion to dismiss is premised on the assertion that the Superseding Indictment fails to set forth the required elements of an illegal gratuity. He also argues that even if the allegations are sufficient, he is entitled to a bill of particulars in order to obtain the nature of the accusations against him and to adequately prepare his defense. The magistrate found the Superseding Indictment sufficient and recommended denial of both

---

[1]This court initially granted Hoffmann's motion for a bill of particulars, but vacated the order on the government's motion for reconsideration. See Filing Nos. 40, 42, and 44.

4

the motion for bill of particulars and motion to dismiss. Hoffmann objects to the recommendation, arguing the Superseding Indictment does not identify the confidential information that Schwening allegedly shared, the parties with whom he shared it, or allege any connection or nexus between the information and the gifts.

A legally sufficient indictment contains all of the essential elements of the offense charged and provides the defendant with the charges against which he must defend. *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993); Fed. R. Crim. P. 7(c). Hoffmann and Schwening are charged with giving and receiving an illegal gratuity under 18 U.S.C. § 201(c)(1(A) & (B). A conviction under that statute requires a showing that "something of value was given, offered, or promised to a public official (as to the giver), or demanded, sought, received, accepted, or agreed to be received or accepted by a public official (as to the recipient), 'for or because of any official act performed or to be performed by such public official.'" *United States v. Sun-Diamond Growers*, 526 U.S. 398, 404 (1999). It is not enough, however, to show that something of value was given or received merely "because of [a defendant's] official position—perhaps, for example, to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." *Id.* at 405. A conviction under the illegal gratuity section of the statute requires that "some particular official act be identified and proved." *Id.* at 406. An illegal gratuity, "may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken." *Id.* at 405 (noting, in contrast to the section of the statute criminalizing bribery, that the element of a *quid pro quo* or a direct exchange with intent to influence is

5

absent as element of an unlawful gratuity offense).  Nonetheless, "in order to establish a violation of 18 U.S.C. § 201(c)(1)(A), the Government must prove a link between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given."  *Id. at* 414.  The court agrees that the Superseding Indictment sets forth the elements of the crime and alleges sufficient "official acts" to withstand a motion to dismiss. The government alleges that Schwening favorably evaluated Surdex, shared information, gave favorable reviews on Surdex to other governmental agencies, and allowed Surdex to draft its own evaluations for submission under Schwening's name.  These are concrete allegations of specific official acts that were performed at or around the time that gratuities were exchanged.  Accordingly, the court agrees with the magistrate's recommendation to deny the motion to dismiss.

Whether the defendant is entitled to a bill of particulars under Fed. R. Crim. P. 7(f) is a different issue.  Rule 7(c) requires an indictment to state the essential facts constituting the charged offense so an accused may prepare his defense.  *See Russell v. United States*, 369 U.S. 749, 763-64 (1962).  The purpose of this pleading requirement is to enable the accused to plead to an acquittal or conviction in bar of future prosecutions for the same offense.  *See Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Miller*, 543 F.2d 1221, 1224 (8th Cir. 1976) (noting that the "purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, and to prevent or minimize the element of surprise at trial").  A bill of particulars, however, is not a proper tool for discovery and is not to be used to provide detailed disclosure of the government's evidence at trial.  *Wessels*, 12 F.3d at 750.

Although the Superseding Indictment sets forth numerous concrete acts and sets forth with specificity the items of value that changed hands and when they were exchanged, allegations of the timing of Schwening's purported "official acts" is exceedingly vague and overly broad. The government alleges only that "from time to time" Schwening would rate or evaluate companies, that Schwening had frequent contact with Surdex from 1996 through November 2004, and accepted items of value from 1999 to November 2004. Schwening's alleged sharing of information and submission of Surdex's own evaluations as his work are also described with no more temporal specificity than "from time to time" within a five year span. The court finds that this temporal vagueness will make it difficult for Hoffmann to prepare for trial. Accordingly, Hoffmann's objection to the recommendation of the magistrate will be sustained in part.

### B. Motion to sever

Hoffmann moves to sever his trial from Schwening's pursuant to Federal Rule of Criminal Procedure 14(a). He argues he will be prejudiced in a joint trial in that: (1) he will have an inadequate and unequal amount of time to prepare for trial;[2] (2) evidence will be introduced at a joint trial that will be inadmissible against Hoffmann because Schwening is charged in an additional count involving a golf trip to Myrtle Beach; (3) a limiting instruction will be inadequate; and (4) the introduction of an incriminating statement at a

---

[2]Hoffmann has waived his right to a speedy trial, which lessens the importance of Hoffmann's allegation that he has inadequate time to prepare. Filing No. 69.

joint trial will violate the Confrontation Clause of the Sixth Amendment under *Bruton v. United States*, 391 U.S. 123 (U.S. 1968).[3]

The court finds the only substantial issue with respect to severance is the *Bruton* issue. Hoffmann's other concerns can be remedied by limiting instructions. The jury can be expected to compartmentalize the evidence between Schwening and Hoffmann and the use of a limiting instruction will prevent the "spillover effect" of the additional count against Schwening being used against Hoffmann. *See United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2000).

Hoffmann's *Bruton* argument involves a statement by co-defendant Schwening to investigative agents that implicates Hoffmann. In response to a query about Schwening's perception of Hoffmann's motivation for the gifts, Schwening responded that the gifts had been given to "kiss [his] ass to influence awards." *See* Hr'g Tr. 50-51. The magistrate agreed that *Bruton* would be implicated if the government sought to introduce the statement through the investigator, but found that excluding the statement would remedy the problem. *Id.* at 49-50. He rejected the government's argument that redaction could solve the problem. *Id.* at 50-51. Given a choice between severance and exclusion of the statement, the government represented at the hearing that it would not introduce Hoffmann's statement. *Id.* Accordingly, the magistrate denied Hoffmann's motion to sever, subject to the government's assurance that the government would not introduce the statement. *Id.* The government objects only to the magistrate's finding that redaction

---

[3]In the case of *Bruton v. United States*, 391 U.S. 123, 134 (1968), the United States Supreme Court determined the introduction of a co-defendant's out-of-court confession at a joint trial violated the defendant's Sixth Amendment Confrontation Clause rights. The Court stated that in the context of a joint trial, the right of cross-examination could not be substituted with a limiting instruction. *Id.* at 137.

would not cure the *Bruton* problem. It argues that the statement could be redacted so as not to refer to Hoffmann by name, but rather to a neutral pronoun from which it would be inferred that the statement came from Surdex and not from Hoffmann.

Admission of a nontestifying co-defendant's confession with a proper limiting instruction will not violate the Sixth Amendment Confrontation Clause when the confession is redacted to eliminate not only the defendant's name, but any reference to the defendant's existence. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). However, notwithstanding a limiting instruction, a statement violates *Bruton* if redaction is so obvious that through ordinary inferences, it leads the jury to the defendant. *Gray v. Maryland*, 523 U.S. 185, 194 (1998); *United States v. Williams*, 429 F.3d 767, 773 (8th Cir. 2005). Whether a limiting instruction is sufficient to prevent prejudice hinges on whether the "context is one in which the risk is too great that the jury will not or cannot follow the cautionary instruction to consider the statement solely against the declarant." *Williams*, 429 F.3d at 773.

The court agrees with the magistrate's conclusion that the *Bruton* problem could not be cured by redaction. The proposed redaction would not eliminate reference to Hoffmann, given that Hoffmann was Schwening's primary contact with Surdex. In the context of this case, the origin of the statement could easily be inferred. In view of the government's assurance that the statement will not be introduced, the motion to sever will be denied.

9

### C.     Motion to strike surplusage

Hoffmann also moves to strike, as surplusage, the statement in the Superseding Indictment that "[t]he total value of the contracts won by Surdex exceeded six million dollars." He argues it is "irrelevant, inflammatory, prejudicial, and completely unnecessary to establish the alleged violation of illegal gratuity." Filing No. 34. He further argues the statement is misleading because Surdex no longer had a contract with the Corps at the time the alleged illegal gratuities exchanged hands.

A court should grant a motion to strike surplusage only where it is clear that the allegations are not relevant to the charge or that the allegations are inflammatory and prejudicial. *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962). Under that exacting standard, the court finds the motion to strike should be granted. The six-million dollar figure is not an element of the claim and should be stricken from the Superseding Indictment. On a proper showing of relevance, the government is, of course, free to present evidence of the value of the contracts. Accordingly, the court finds the government's objection to the magistrate's recommendation should be overruled.

### D.     Motion for production of favorable evidence and discovery and inspection of documents

Hoffmann seeks production of favorable evidence and discovery and inspection of documents. Filing No. 37. Specifically, he seeks the e-mails from Schwening and other Corps' employees to other contractors. The government contends the e-mails were destroyed in routine, scheduled purges. Hr'g Tr. 28. The magistrate denied the motion, finding no evidence of bad faith on the part of the government. *Id.* at 29-30. The court

agrees with the magistrate's assessment that the government has no duty to recreate information from third parties absent a showing of bad faith.  *Id.*

"A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if:  (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production."  Fed. R. Crim. P. 16(c). Furthermore, "[t]he rule set forth in *Brady v. Maryland*, [373 U.S. 83, 87 (1963)], requires the government to disclose any evidence that is both favorable to the accused and material either to guilt or punishment."  *United States v. Anwar*, 428 F.3d 1102, 1112 (8th Cir. 2005); *United States v. Gonzales*, 90 F.3d 1363, 1368 (8th Cir. 1996).  The court has been assured that the government has its "open file" policy in place and will permit the defendant to review and copy the contents of its file.  Therefore, this court will adopt the magistrate's recommendation to deny the motion to produce.  Accordingly,

IT IS ORDERED:

1. The magistrate's Report and Recommendation (Filing No. 57) is adopted with respect to those motions to which no objections have been filed (Filing Nos. 35, 36, & 38); Hoffmann's motion for preservation and inventory of rough interview notes (Filing No. 35) is granted as to preservation and denied as to inventory; Hoffmann's motion for discovery of statements of co-defendants (Filing No. 36) is granted; Hoffmann's motion for production of statements and reports of witnesses (Filing No. 38) is denied.

2. Defendant Hoffmann's objections (Filing No. 65) to the magistrate's report and recommendation are sustained in part and overruled in part; Hoffmann's motion to dismiss or for a bill of particulars (Filing No. 33) is granted in part and denied in part; defendant's motion to dismiss is denied; defendant Hoffmann's motion for a bill of particulars is granted; Hoffmann's motion for production of favorable evidence and discovery and inspection of documents (Filing No. 37) is denied.

3. The government's objection (Filing No. 63) to the magistrate's report and recommendation is overruled; Hoffmann's motion to sever (Filing No. 32) is denied; Hoffmann's motion to strike surplusage from the Superseding Indictment (Filing No. 34) is granted.

4. Within 20 days of the date of this Order, the government shall provide defendant Russell Hoffmann the following particulars:

   a. Provide approximate dates of "official acts" allegedly undertaken "for or because of" which something of value was given or received;

   b. Identify, describe and provide approximate dates of confidential government estimates shared with Hoffmann;

   c. Identify, describe and provide approximate dates of Schwening's favorable recommendations of Surdex to the Board and to other government entities;

   d. Identify, describe and provide approximate dates of Surdex's drafting of evaluations submitted as Schwening's opinions;

   e. Describe Hoffmann's participation in Surdex's drafting of evaluations submitted as Schwening's opinions;

   f. Identify, describe and provide approximate dates of Schwening's solicitation of pricing information from Surdex and use of that information to construct a government cost estimate.

DATED this 5th day of June, 2006

         BY THE COURT:

         s/Joseph F. Bataillon
         JOSEPH F. BATAILLON
         United States District Judge