IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR282 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RUSSELL HOFFMANN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant Russell Hoffmann's motion for a new trial, Filing No. 117.  Hoffmann and co-defendant William Schwening were tried on several counts of giving and receiving illegal gratuities in violation of 18 U.S.C. § 201(c). That statute makes it a crime to give anything of value to a public official for or because of any official act, or, conversely, to receive anything of value as a public official  for or because of an official act.  18 U.S.C. § 201(c)(1)(A) & (B).  At the time of the allegedly illegal acts, defendant Schwening was employed by the United States Army Corps of Engineers ("Corps") as a cartographer and defendant Hoffmann was the Vice-President of Surdex Corporation ("Surdex"), a private contractor that did business with the Corps.

The second superseding indictment alleged, in Counts 1 through 5, that Schwening received illegal gratuities on five separate occasions.  Filing No. 75.  The conduct alleged in Counts 2 through 5 of the second superseding indictment corresponded with the allegations, in Counts 6 through 9, that Hoffmann  had, in turn, given the illegal gratuities. *Id.* at 4-5.  The jury acquitted defendant Schwening on all counts.  Filing No. 109, Verdict as to William Schwening.  Hoffmann was acquitted on Counts 6, 7, and 8, but was found guilty on Count 9, which charged illegally giving gratuities for or because of an official act

with respect to the gift of a Titleist driver and 3-wood golf clubs in October of 2003. Filing No. 111, Verdict as to Russell Hoffmann.

With respect to that count, the jury was instructed that in order to find Hoffmann guilty, the government had to prove Hoffmann had given a Titleist driver and 3-wood golf clubs ("golf clubs") to Schwening and that he "did so because of an official act performed or to be performed by William Schwening." See Filing No. 115, Final Instructions, Instruction No. 12. The jury was also instructed that in order to find defendant Schwening guilty with respect to the gift of the golf clubs in Count 5 of the second superseding indictment, the government had to prove that "Schwening received [the golf clubs] because of one or more of his specific acts or decisions as an employee of the United States Army Corps of Engineers." *Id.,* Instruction No. 11. The jury was also instructed that:

> To prove the giving or receipt of an illegal gratuity, the government must prove a link between a thing of value conferred upon a public official and an official act for or because of which it was given. However, it is not necessary for the government to prove that the gratuity was given or received in exchange for the official act. An illegal gratuity may constitute merely a reward for some future act that the public official will take, and may already have determined to take, or for a past act that he has already taken.

*Id.,* Instruction No. 18. Further, the jury was told that gifts given because of an official's position, gifts motivated by a desire to ingratiate the giver with the official generally, or gifts given because of friendship or goodwill did not amount to illegal gratuities. *Id.,* Instruction No. 28.

During the deliberations, the jury submitted this question to the court: "Could we get a better explanation on Instruction No. 18? Specifically the portion, 'However, it is not necessary. . . .' Also could we have a more detailed definition of what constitutes a link?" Filing No. 107. The jury was instructed to re-read the instructions. *Id.*

2

Hoffmann asserts that the verdict is against the weight of the evidence as shown by the jury's inconsistent verdict. He also asserts that this court erred in the admission of evidence of prior gifts without a limiting instruction and in the exclusion of evidence of Surdex's policy of entertaining both public and private clients. The government contends that the verdict is not inconsistent and that the evidence was properly admitted and excluded.

The court may grant a new trial to the defendant "if the interests of justice so require." Fed. R. Crim. P. 33. The decision to grant a Rule 33 motion is within the sound discretion of the district court, and will be reversed only for an abuse of that discretion. *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004). The district court's discretion is broad in that it may "weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Id.*; *see also United States v. Martinson,* 419 F.3d 749, 752 (8th Cir. 2005) (noting that motions for judgment of acquittal and motions for new trial are different motions with different substantive standards). "In determining whether to grant a motion for a new trial on the ground the verdict is contrary to the weight of the evidence, '[t]he district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" *United States v. Anwar,* 428 F.3d 1102, 1109 (8th Cir. 2005), *cert. denied*, 126 S.Ct. 1806 (2006).

If, after doing so, the court determines "the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Id.* With respect to allegations of trial error, the court should "balance the alleged

errors against the record as a whole and evaluate the fairness of the trial" to determine whether a new trial is appropriate. *United States v. McBride,* 862 F.2d 1316, 1319 (8th Cir. 1988). The granting of a new trial under Fed. R. Crim. P. 33 "is a remedy to be used only 'sparingly and with caution.'" *Dodd,* 391 F.3d at 934 (quoting *United States v. Campos,* 306 F.3d 577, 579 (8th Cir. 2002). After a careful review of the record under these standards, the court concludes that defendant's motion for a new trial should be denied.

To convict Hoffmann on the illegal gratuity charge, the government had to prove that "something of value was given, offered, or promised to a public official (as to the giver), or demanded, sought, received, accepted, or agreed to be received or accepted by a public official (as to the recipient), 'for or because of any official act performed or to be performed by such public official.'" *United States v. Sun-Diamond Growers*, 526 U.S. 398, 404 (1999) (*quoting* 18 U.S.C. § 201(c)(1)). It is not enough, however, to show that something of value was given or received merely "because of [a defendant's] official position—perhaps, for example, to build a reservoir of goodwill that might ultimately affect one or more of a multitude of unspecified acts, now and in the future." *Id.* at 405. A conviction under the illegal gratuity section of the statute requires that "some particular official act be identified and proved." *Id.* at 406. An illegal gratuity "may constitute merely a reward for some future act that the public official will take (and may already have determined to take), or for a past act that he has already taken." *Id.* at 405 (noting, in contrast to the section of the statute criminalizing bribery, that the element of a *quid pro quo* or a direct exchange with intent to influence is absent as an element of an unlawful gratuity offense). Nonetheless, "in order to establish a violation of 18 U.S.C. § 201(c)(1)(A), the Government must prove a link

4

between a thing of value conferred upon a public official and a specific 'official act' for or because of which it was given." *Id. at* 414.

Jury instructions are adequate if, taken as a whole, they adequately advise the jury of the essential elements of the offenses charged and the burden of proof required of the government. *United States v. Rice*, 449 F.3d 887, 895 (8th Cir. 2006). Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way. *Corpus v. Bennett,* 430 F.3d 912, 915 (8th Cir. 2005).

The court finds that the verdicts are not necessarily inconsistent. The evidence presented at trial can give rise to an inference that Hoffmann gave the golf clubs to Schwening "for or because of an official act performed or to be performed" by the public official, although Schwening may not have received them as such. *See United States v. Sun-Diamond Growers*, 526 U.S. 398, 404 (1999). Notably, a reward for a past act can constitute an illegal gratuity, as can a gift given in the hope of obtaining a future benefit. *Id.* at 405. The questions asked by the jury show that the jury considered the "link" between the gifts and the official acts. There was evidence that Hoffmann e-mailed Schwening on November 10, 2004, seeking an ACASS rating from Schwening and referring to the golf clubs that Hoffmann had given Schwening the previous year. *See* Ex. 201. There was no evidence that Schwening responded to the e-mail. Hoffmann testified and Schwening did not. The court finds the jury's verdict is not contrary to the weight of evidence in this case.

With respect to Hoffmann's allegations of trial error, the court finds that the evidence of prior gifts was admissible as either part of the same scheme charged against defendants or as evidence of motive, intent, or lack of inadvertence. *See United States v. Swinton,*

5

75 F.3d 374, 378 (8th Cir. 1996); *United State v. Garvin,* 565 F.2d 519, 523 (8th Cir. 1977). Also, Hoffmann contends that he was precluded from fully presenting his defense by the court's limitation on evidence regarding the entertainment policies of Surdex. The defendant and his father both testified with respect to the company's practice of giving gifts to its clients or customers. Both testified that the gifts were motivated by a desire to build goodwill and were not given "for or because of" any official acts. Several other witnesses testified that they had received gifts from Surdex. Any further evidence on that subject would have been either cumulative, remote, or irrelevant. Furthermore, evidence that the company's "policy" was to promote goodwill with other clients or customers does not serve to negate a finding that the gift of golf clubs to Schwening in 2003 was "for or because of an official act." The jury was instructed that gifts in furtherance of goodwill are not illegal gratuities. The court finds no error in the admission or exclusion of evidence. Moreover, the error, if any, would not have affected the fairness of the trial. Accordingly,

IT IS ORDERED that defendant Russell Hoffmann's motion for a new trial (Filing No. 117) is denied.

DATED this 16th day of October, 2006

BY THE COURT:

\                                    s/ Joseph F. Bataillon
                                     Chief United States District Judge